## No. 25484

**The People of the State of Colorado v. Wallace Samuel Briggs**
(518 P.2d 831)

Decided January 21, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Briggs was found guilty by a jury of theft in excess of $100. His defense was based solely on the theory

that he was so intoxicated at the time of the crime as to be unable to form the specific intent required for conviction of this felony. The alleged theft involved the taking of three men's suits from a retail store. The defendant was stopped outside the store by one of the store clerks who observed the defendant take the suits from a display rack. After being stopped, the defendant dropped the three suits and ran. A police detective who happened to be close to the scene promptly apprehended the defendant a short distance from the retail store.

The defendant testified on his own behalf and related that he drank two quarts of wine before 11:00 a.m. on the date of the alleged theft; that he then proceeded to a bar where he drank beer and whiskey for several hours; and that he left the bar around 2:00 p.m. He further testified that he could not remember anything else that occurred that day until he was picked up by the police officer. Although in his testimony he did state that he had a vague recollection about being grabbed on the shoulder by the store clerk, nevertheless, he maintains that he could recall nothing about having any suits in his possession. The defendant testified that he was very intoxicated at the time; that he never had any intention of stealing anything; and that he had no recollection of any of the events which occurred after leaving the bar except as indicated above.

On this appeal, the defendant urges reversal on the ground that the trial court erred in refusing to allow in evidence certain expert psychiatric testimony relating to his ability to form the requisite intent to commit this crime. If the record sustained this contention, reversal would be required. However, the record here reflects only that the trial court sustained an objection to a question directed to an expert witness. Under the circumstances of this case, the question was improper, and therefore, the trial court's ruling was correct. We perceive no reversible error and accordingly, we affirm the judgment.

The defendant originally plead not guilty by reason of insanity. The trial court appointed two psychiatrists to

examine the defendant. The examinations were conducted approximately six weeks after the date of the alleged theft. In their reports to the trial court, both doctors concluded that the defendant was legally sane but both noted that the defendant had a long history of drinking. On the basis of these reports, the defendant withdrew his plea of not guilty by reason of insanity and proceeded to trial on a not guilty plea. As part of the defense case, counsel for the defendant sought to question one of the court-appointed psychiatrists as to the defendant's ability to form the requisite intent to commit the crime of theft.

After qualifying the doctor as an expert and after questioning him regarding the fact that he had examined the defendant pursuant to the court's order, defense counsel posed an improperly phrased question without an adequate foundation having been laid. On this basis, the objection to the question was properly sustained. This is not comparable to the situation in *Prudential Insurance Co. of America v. Sommers,* 148 Colo. 212, 365 P.2d 544 (1961) wherein statements by the patient to the doctor were allowed in evidence.

Our holding in no way includes any proscription against the proper solicitation of expert opinion testimony as to the ability of a defendant to form the intent requisite to the commission of a crime. *See* 1965 Perm. Supp., C.R.S. 1963, 39-8-1 and Crim. P. 11(f). The following are a few of the many cases in Colorado which recognize the right to offer upon a proper foundation expert testimony bearing upon the capacity of an accused to form a specific intent. *Early v. People,* 142 Colo. 462, 352 P.2d 112 (1960); *Leick v. People,* 131 Colo. 353, 281 P.2d 806 (1955); *Berger v. People,* 122 Colo. 367, 224 P.2d 228 (1950); *Battalino v. People,* 118 Colo. 587, 199 P.2d 897 (1948); and *Ingles v. People,* 92 Colo. 518, 22 P.2d 1109 (1933). *See also Proposed Federal Rules of Evidence,* 803(4) (1973).

Judgment affirmed.